JONES, JUDGE:
This claim is for damages to the claimant’s automobile and for personal injuries sustained when the claimant was driving along old State Route No. 38 near Nestorville in Barbour County. Damages to the automobile are stipulated to be $644.77 and $1,000.00 is claimed for personal injuries, including stipulated medical bills of $84.00.
The claimant was enroute from her home in Frederick, Maryland, to Philippi, West Virginia, a distance of about 188 miles. She had learned that a sister was critically ill and after an eight-hour shift as an electronics worker she left her home at about 5:30 p.m. on July 19, 1967, and being delayed by hazardous, foggy weather she reached the place of the accident at about 3:00 a.m. on July 20, 1967. She approached the Nestorville intersection traveling south on State Route 92 and turned west on old State Route No. 38 as she had done on several prior trips to Philippi. According to the claimant there were no signs at the intersection to indicate that by traveling about one-fourth mile further on Route No. 92 she would be able to drive over a newly opened Route No1. 38 which was constructed to take the place of old Route No. 38, and she testified that she checked the non-existence of such signs in daylight the following morning. It appears that the new road had been opened for traffic for about a month and the construction was finally approved by the State Road Commission (now Department of Highways) about September 1, 1967.
The plaintiff’s witness, Carl S. Nestor, who operated a filling station at the intersection in question and lived close to the *179 place where the wreck occurred, was uncertain as to what signs were in place except that old Route No. 38 was still marked as leading to Philippi; and Gerald B. Hall, Project Supervisor for the respondent, testified definitely that there was a sign at the southwest corner of the intersection with an arrow pointing to new Route No. 38.
As she had done before, the claimant did take the old route and proceeded to the point of the wreck near the Nestor home, a short distance from and within sight of new Route No. 38. At this point the course of old Route No. 38 had been changed, taking a rather sharp turn to the left in order to join new Route No. 38 at right angles as required by Federal specifications. The new portion of the road was in the process of being paved and had already received an asphalt base course and was in good condition. Barricades had been erected by the contractor but had been knocked down by errant motorists and were not in place. There was evidence that several other accidents had occurred at this location.
The claimant testified that the road had been very foggy and that she had been traveling at about 20 miles per hour, but that the fog lifted as she passed the Nestor home and that she could see “two lengths of a car, if not more”. At this point the claimant says “the road disappeared and I slammed on the brakes”. At another time in her testimony the claimant said: “The berm was about six inches high and my front wheels went off and when I slammed on the brake, I just went on into the ditch”.
Counsel for the claimant rests his case primarily on the alleged failure of the respondent to have proper signs at the Route No. 92 old Route No. 38 intersection so out-of-state motorists traveling south on Route No. 92 would continue on to the new highway. Assuming that the claimant proved the absence of such signs by a preponderance of the evidence, liability would be very doubtful under the decisions of our Supreme Court of Appeals. The cases consistently hold that every user of our highways travels thereon at his own risk and that the State does not insure him a safe journey. The mere failure to provide road markers has been held not to be such negligence as would create a moral obligation on the *180 part of the State to pay damages assumed to have arisen through such failure and as the proximate cause thereof. Adkins, et al. v. Sims, 130 W.Va. 646.
If we should find that the respondent was negligent in this case the Court still could not allow recovery by the claimant. Our view of all the testimony is that it clearly shows contributory negligence on the part of the claimant. The road did not end or disappear; it was there and in good repair and if the claimant’s automobile had been under proper control under the conditions existing, she would not have needed to “slam on her brakes” causing her to slip off the edge of the highway into a culvert. In our opinion this is not a case wherein the conscience of the State should be invoked, and this claim is disallowed.